IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. |
| | ) | 1:18-CR-306-AT-JFK |
| GRANT KIDD | ) | |
| | ) | |

## SENTENCING MEMORANDUM

COMES NOW undersigned counsel on behalf of the Defendant, GRANT KIDD, and files this memorandum for purposes of sentencing. For reasons set forth below and to be discussed at sentencing, undersigned counsel requests that the Court impose a probationary sentence upon Mr. Kidd. In support of this request, undersigned counsel states the following.

Mr. Kidd has entered a plea of guilty to one count of extortion under color of official right in violation of 18 U.S.C. § 1951(a). The basis for the charge is a solicitation of payment that Mr. Kidd made to Michael and Michelle Pierce on about August 9, 2015. Prior to that date a Clayton County Detective charged Mr. and Mrs. Pierce with theft by taking relating to an automobile they purchased through auction from Public Storage. Ms. Pierce was also charged with forgery in first degree. After the Pierces bonded on the charges, a meeting between the

1

Pierces and Mr. Kidd was arranged through a mutual friend. At that time Mr. Kidd was employed as a Clayton County police officer. Mr. Kidd met with the Pierces and their mutual friend in a Wal-Mart parking lot while Mr. Kidd was off-duty. Mr. Kidd told the Pierces that the charges against them were not good charges and that for a payment of $750 each he would get the charges administratively dismissed through someone employed in the Clayton County District Attorney's Office.

The Pierces secretly recorded the conversation. They did not pay Mr. Kidd any money, and they later told him that they had instead hired an attorney. Mr. Kidd did not have anyone who would assist him in the Clayton County District Attorney's Office. He also took no action towards assisting the Pierces with dismissal of their charges. Independently of Mr. Kidd, the charges against Michael and Michelle were administratively dismissed in January 2016.

A federal grand jury later returned an indictment against Mr. Kidd. This memorandum addresses two issues: (1) the applicability of a Sentencing Guidelines enhancement for being a public official in a high-level decision-making position or sensitive position; and (2) whether probation constitutes a reasonable sentence under 18 U.S.C. § 3353(a).

I.  The Four-Level Enhancement United States Sentencing Guideline § 2C1.1(b)(3) Does Not Apply.

2

United States Sentencing Guideline § 2C1.1(b)(3) states, "If the offense involved an elected public official or any public official in a high-level decision-making or sensitive position, increase by 4 levels." U.S.S.G. 2C1.1(b)(3). Application note 4 adds:

(A) **Definition. — 'High-level decision-making or sensitive position'** means a position characterized by a direct authority to make decisions for, or on behalf of, a government department, agency, or other government entity, or by a substantial influence over the decision-making process.

(B) Examples of a public official in a high-level decision-making position include a prosecuting attorney, a judge, an agency administrator, and any other public official with a similar level of authority. Examples of a public official who holds a sensitive position include a juror, a law enforcement officer, an election official, and any other similarly situated individual.

U.S.S.G. 2C1.1(b)(3), app. n. 4(A) & (B) (emphasis in original).

Eleventh Circuit caselaw suggests that this enhancement does not apply simply because the defendant was a law enforcement officer. The Eleventh Circuit has indicated that the enhancement is not intended to apply to the "run-of-the-mill, bribe-taking, non-elected public official." See United States v. Gary White, 663 F.3d 1207, 1217 (11th Cir. 2011); United States v. Kevin White, 561 Fed. Appx. 850, 859 (11th Cir. 2014). The person must also "exercise some level of authority." Kevin White, 561 Fed. Appx. at 859. In United States v. Merker, 334

3

Fed. Appx. 953, 967 (11th Cir. 2009), the Eleventh Circuit observed, "The 'public official in a high-level decision-making or sensitive position' enhancement, § 2C1.1(b)(3), generally speaking, applies to public servants with direct authority to make important governmental decisions."

United States v. Estrada, 261 Fed. Appx. 203 (11th Cir. 2008) provides an example. In that case, Estrada, who was a permanent resident to the United States, had an arrangement with Rafael Pacheco, who was an agent with the United States Customs Service in Florida. 261 Fed. Appx. at 204. Estrada would pay bribes to Pacheco in exchange for Pacheco checking records on Estrada in the Treasury Enforcement Communication System and arranging visas for Estrada's family. Id. The district court applied the enhancement for bribery of a public official in a sensitive position. Estrada appealed, arguing that Pacheco was not a high-level decision-maker. The Eleventh Circuit held that the enhancement was correctly applied, but it did not reach that that conclusion solely based upon Pacheco's status as a law enforcement officer. Instead, the Court noted, "[B]ecause the evidence at trial established that Estrada bribed a law enforcement official *who had access to sensitive information*, the district court did not err in applying the U.S.S.G. § 2C1.1(b)(2)(B) (2000) enhancement." Id. at 209 (emphasis added).

In this instance, Mr. Kidd had no decision-making authority with respect to

the disposition over the charges against the Pierces.  He was not assigned to the case.  He was not involved in the investigation of the case or the filing of charges.  There is no indication that he had any involvement with the handling of the charges or that he had access to any relevant, sensitive information that he could utilize to the benefit of the Pierces.  There also is no indication that he wielded any actual influence with respect to the disposition of the charges.  Although he was a law enforcement officer, Mr. Kidd's position did not meet the definition of "a high-level decision-making or sensitive position" under the circumstances of this case.

II.   Probation is a Reasonable Sentence for Mr. Kidd under 18 U.S.C. § 3553(A).

The pre-sentence report indicates that the applicable Sentencing Guideline range is 18 to 24 months, based upon determinations that the offense level is 15 and Mr. Kidd's criminal history category is I.[1]  As noted, Mr. Kidd objects to application of the four-level enhancement in § 2C1.1(b)(3) and the resulting impact upon the Guideline range.  Regardless of that issue, undersigned counsel asks the Court to impose a sentence of probation upon Mr. Kidd.

---

[1] The parties have agreed to recommend that Mr. Kidd receive a one-level downward variance for expeditious resolution of the case resulting in conservation of a judicial and prosecutorial resources.  That one-level adjustment is not reflected in the Guideline range stated in the pre-sentence report.

While the Guidelines are a factor the Court must consider in imposing sentence, it is but one of several factors that the Court is directed to consider. See 18 U.S.C. 3553(a); <u>United States v. Williams</u>, 472 F.3d 835, 843 (11th Cir. 2006); <u>United States v. Lundy</u>, 601 Fed. Appx. 859, 864-865 (11th Cir. 2015).  Under § 3553(a), the District Court must consider the following additional factors in imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (4) the need to protect the public from further crimes of the defendant; (5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) the kinds of sentence established by the United States Sentencing Guidelines; (7) any pertinent policy statements issued by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (9) the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a).  The sentence must be *"sufficient, but not greater than necessary"* to meet the stated aims regarding

reflection of the seriousness of the offense, promoting respect for the law, providing just punishment, deterring criminal conduct, protecting the public from further crimes of the defendant and providing the defendant with needed training, care and correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). (emphasis added).

As will be discussed at the sentencing hearing, undersigned counsel posits that a number of factors support imposition of a probated sentence upon Mr. Kidd. Those factors include but are not limited to Mr. Kidd's history and characteristics and the nature and circumstances of the offense.  Additionally, a sentence of probation is sufficient in this case to meet the required aims set forth in 18 U.S.C. § 3553(a)(2).

## Conclusion

For these reasons and those to be discussed at sentencing, undersigned counsel respectfully requests that the Court impose a sentence of probation upon Mr. Kidd.

DATED: this 16th day of May, 2019.

                                  Respectfully submitted,

                                  *S/ Kendal D. Silas*
                                  KENDAL D. SILAS
                                  State Bar No. 645959
                                  Attorney for GRANT KIDD

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, GA 30303
404/688-7530
Kendal_Silas@fd.org

8

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing Sentencing Memorandum, formatted in Book Antiqua 13 pt., upon:

Brent Gray, Esq.
United States Attorney's Office
Richard B. Russell Bldg., Suite 600
75 Ted Turner Drive, SW
Atlanta, GA 30303

by filing the same through the Court's ECF system.

    Dated:  This 16th day of May, 2019.

                                       s/ Kendal D. Silas
                                       KENDAL SILAS
                                       State Bar No. 645959
                                       Attorney for GRANT KIDD